IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT DUANE DAVIS and TAMARA L. DAVIS,<br><br> Plaintiffs,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL, LLC f/k/a HOMECOMINGS FINANCIAL NETWORK, GMAC MORTGAGE CORP., MORTGAGE ELECTRONIC SYSTEMS, INC.,<br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br>Case No. 2:11-CV-141 TS |

  The Court has before it Defendants Homecomings Financial, GMAC Mortgage, and Mortgage Electronic Registration Systems' (collectively, "Defendants") Motions to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Defendants contend that each of the causes of action alleged in the Complaint have been repeatedly rejected by this Court and rely upon meritless misinterpretations of case law and Utah statutes. In response, Plaintiffs attempt to

---

[1]Separately filed as Docket Nos. 6, 11, and 15.

distinguish the present action from the Court's prior dismissals, arguing that while the prior cases sought to invalidate the underlying notes, their claim seeks instead a declaratory judgment that Defendants lack authority to foreclose on the note.

In reviewing Plaintiff's arguments, however, the Court finds no meaningful distinction between this cause of action and the numerous "show me the note" and "MERS lacks authority" actions the Court has previously dismissed.  The only distinction the Court can surmise between the present action and the Court's prior dismissal of related claims is that Plaintiffs do not expressly request that the Court invalidate the note, but rather seek the practical effect through a Court Order that Defendants lack authority to foreclose on the note.  The Court does not see how requesting a related remedy based on the same legal theory renders the Court's prior orders inapplicable to the present action.  As persuasively demonstrated by Defendants in their memoranda, the present claims have been considered, and rejected, by this Court.  The Court, therefore, finds no reason to depart from its prior holdings that these claims fail as a matter of law.

Because Plaintiff has failed to plead a cause of action upon which relief may be granted, it is therefore

ORDERED that Defendants' Motions to Dismiss (Docket No. 6, 11, and 15) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 2, 2011.

                                  BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge